IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. DENIAL<br>        Petitioner, | )<br>)<br>)   C.A. No. 06-120 Erie |
| v. | )<br>) |
| FRANK TENNIS, et al.,<br>        Respondents. | )   District Judge McLaughlin<br>)   Magistrate Judge Baxter<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

**II.     REPORT**

    **A.      Relevant Factual and Procedural History**

On April 20, 1994, a jury empaneled by the Court of Common Pleas of Erie County, Pennsylvania, convicted Petitioner at Criminal Docket Nos. 1957 and 1958 of 1993 with involuntary deviate sexual intercourse, aggravated indecent assault, terroristic threats, indecent assault, and endangering the welfare of children. His convictions stemmed from his repeated sexual abuse of two of his minor children. On June 1, 1994, the trial court sentenced him to 9 ½ to 24 years imprisonment, and an additional 10 years of probation.

On April 24, 1995, the Superior Court of Pennsylvania denied Petitioner's direct appeal of his judgment of sentence, and the Pennsylvania Supreme Court denied his subsequent request for an allowance of appeal. He then filed a motion for state post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act (the "PCRA"). The Common Pleas Court denied the motion, and, on June 23, 1997, the Superior Court affirmed. The Pennsylvania Supreme Court denied Petitioner's request for an allowance of appeal.

Next, on or around September 2, 1998, Petitioner filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged the June 1, 1994 judgment of

sentence issued at the Common Pleas Court's Criminal Docket Nos. 1957 and 1958 of 1993. That petition was docketed at Civil Action No. 98-265 (Erie) and assigned to District Judge Sean J. McLaughlin, who referred the case to Magistrate Judge Kenneth J. Benson.

On August 9, 1999, Magistrate Judge Benson issued a Report and Recommendation in which he recommended that the petition be dismissed because Petitioner's claims had no merit. Magistrate Judge Benson's Report and Recommendation is attached hereto as "Exhibit A." On August 31, 1999, Judge McLaughlin adopted the Report and Recommendation as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. Judge McLaughlin's Memorandum Order is attached hereto at "Exhibit B." On March 31, 2000, the Court of Appeals for the Third Circuit denied Petitioner's motion for a certificate of appealability. By Order dated October 17, 2001, the Supreme Court of the United States denied his petition for writ of certiorari.

Next, in November 2001, Petitioner filed a second PCRA motion. The Court of Common Pleas denied the motion as barred by the PCRA's statute of limitations, and on November 18, 2002, the Superior Court affirmed. After the Pennsylvania Supreme Court denied his petition for allowance of appeal, Petitioner filed a third PCRA motion. The Court of Common Pleas dismissed that third motion as untimely, and on May 13, 2004, the Superior Court affirmed. The Pennsylvania Supreme Court denied a petition for allowance of appeal on January 11, 2005.

On or around May 16, 2006, Petitioner initiated the instant habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, he once again challenges his June 1, 1994, judgment of sentence– the same judgment of sentence that he previously challenged pursuant to 28 U.S.C. § 2254 in this Court at Civil Action No. 98-265 (Erie). In particular, Petitioner claims that he is entitled to federal habeas relief because he was tried while incompetent, in violation of his due process rights. (Document # 5 at ¶ 13).

### B.     Discussion

Because this petition is the second federal habeas corpus petition that Petitioner has filed in which he challenges his June 1, 1994, judgment of sentence issued at the Common Pleas Court's Criminal Docket Nos. 1957 and 1958 of 1993, it is subject to the authorization requirements of 28

U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In pertinent part, AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. §2244(b)(3)(A).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies §2244's substantive requirements, which are set forth in §2244(b)(2).  See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, ___U.S.___, 127 S.Ct. 793, 794-99 (2007).

A review of the computerized dockets of the Court of Appeals for the Third Circuit establishes that Petitioner has not sought nor received permission to file a second or successive petition.  Therefore, the instant habeas petition must be dismissed because this court lacks jurisdiction.  Burton, 127 S.Ct. at 794-99.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition.  Accordingly, a certificate of appealability should be denied.

3

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

Dated: June 13, 2007

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge